U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOANNE & WILLIAM O'QUINN | : | DOCKET NO. 2:08-cv-633 |
| VS. | : | JUDGE MINALDI |
| DOLLAR GENERAL CORPORATION, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

By separate order [Doc. 17] the undersigned denied plaintiffs' Motion to Remand [Doc. 6] as no allegation in the plaintiffs' complaint could possibly form a basis for recovery against the non-diverse defendant, Amanda Guillory.

Plaintiffs' complaint alleges at paragraph four that Ms. Guillory "specifically directed Joanne O'Quinn to the locked doorway as the exit doorway. Guillory knew or should have known that the door was locked." Doc. 1-2, ¶ 4. At her deposition taken subsequent to removal, however, Ms. O'Quinn testified that Ms. Guillory did not direct her to any door [Doc. 15, at 48; Doc. 16, at 48], which supports defendants' denial of that allegation in its answer [Doc. 1-2, ¶ 2].

In support of their Motion to Remand, plaintiffs submitted an affidavit of Ms. O'Quinn in which she claimed that "although Amanda Guillory did not verbally direct me to this doorway, the configuration of the store at the time of the incident was itself a direction and Amanda Guillory was clearly the person in charge of the store at the time of the incident." Doc. 6-3, ¶ 2. Plaintiffs presented no allegation or evidence that would support any allegation that Amanda Guillory was in any manner responsible for the configuration of the store.

Testimony offered by defendants in their Opposition to Remand establishes that

defendant Guillory was an assistant manager at Dollar General Store when Ms. O'Quinn was allegedly injured. Doc. 11, at 3. Further, Ms. Guillory testified that she locked the doors at the direction of her superiors. Doc. 11-1, at 13, 15.

Under Louisiana law, a store manager or other employee cannot be held liable for an invitee's injury unless four distinct criteria are met:

> First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. Second, this duty is delegated by the employer to the employee. Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate.

*Dusang v. Lowes Home Ctrs, Inc.* 2008 WL 3884395, at *2 (W.D. La. 7/29/2008) (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994); *Canter v. Koehring Co .*, 283 So.2d 716, 721 (La.1973)).

At the hearing on the Motion to Remand, the undersigned determined that plaintiffs have not alleged a cause of action on which they can prevail against Ms. Guillory personally. Uncontroverted evidence shows Ms. Guillory locked the door at the direction of her superiors and thus was fulfilling her general administrative duties. Further, there is no evidence that would suggest that defendant Guillory was responsible for the configuration of the store, a configuration which, according to plaintiffs' post-removal assertion, directed Ms. O'Quinn to the offending door. In short, plaintiffs have alleged no personal duty of defendant Guillory that was breached by her nor have they submitted any evidence of such duty or breach that may have led

to plaintiff Ms. O'Quinn's alleged injuries.

Because "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery," *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990), and because nothing alleged or proven would establish a cause of action against defendant Guillory personally, the undersigned recommends that all claims be dismissed as to defendant Amanda Guillory.

This Report and Recommendation serves as notice of the possibility that the trial court may enter summary judgment against plaintiffs on behalf of defendant Guillory under Fed. R. Civ. P. 56 should the trial court accept it. Any objections must be specific, in writing, and filed within ten days after being served electronically with this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(b), 72(b). A party's failure to object bars that party from entitlement to *de novo* review by the district judge of these proposed findings and recommendations[1] and further bars appellate review except on the grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.[2]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 3, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Rodriguez v. Bowen*, 857 F.2d 275 (5th Cir. 1988).
[2] *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415 (5th Cir. 1996).