U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 3 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOANNE AND WILLIAM O'QUINN | : | DOCKET NO. 2:08 CV 633 |
| VS. | : | JUDGE MINALDI |
| DOLLAR GENERAL CORPORATION ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion For Summary Judgment, [doc. 9], filed by the defendants Dollar General Corporation et al. (hereinafter collectively "the defendants") on June 13, 2008. The plaintiffs, Joanne and William O'Quinn, did not file an Opposition. On July 25, 2008, the Motion was stayed pending a ruling on the plaintiffs' Motion to Remand [doc. 12]. On December 15, 2008, this Court adopted the Magistrate Judge's Report and Recommendation denying the Motion to Remand [doc. 19]. The December 15, 2008 Judgment dismissed defendant Amanda Guillory with prejudice, and accordingly, the portion of the Motion For Summary Judgment that argues that there is no cause of action against Ms. Guillory is now moot.

This Court shall only consider the defendants' second argument, which is that summary judgment is appropriate as to Dolgencorp pursuant to La. Civ. Code art. 2317.1 because there is no factual support for the claim that there was an unreasonably dangerous condition on the store premises. The plaintiffs allege that liability exists because one of Dollar General's front doors was locked and Mrs. O'Quinn injured her arm while trying to exit through the locked door.

1

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

Under La. Civ. Code art. 2317.1, a cause of action accrues when:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Article 2317.1 was added to the Civil Code in 1996, and abolished strict liability for defective things. *See Player v. Baker*, 42-451 (La. App. 2 Cir. 09/19/07); 965 So.2d 984, 987. Now a plaintiff must prove that 1.) the defendant had custody of the thing that caused injury, 2.) the thing contained a

defect ("an unreasonable risk of harm"), 3.) the defect caused the plaintiff's injury, and 4.) the defendant either knew or should have known about the defect. *Id.* "An essential element for this liability is that a ruin, vice or defect existed that created an unreasonable risk of harm." *Frazier v. Bryant*, 41-978 (La. App. 2 Cir. 04/04/07); 954 So.2d 349, 353. The premises owner cannot be held liable for all accidents occurring on the property, but only those that present an unreasonable risk to others. *See, e.g., Johnson v. City of Monroe*, 38-388 (La. App. 2 Cir. 04/07/04); 870 So.2d 1105, 1110:

> There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. The trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. The concept of whether a defect presents an unreasonable risk of harm, which requires a balancing of the risk and utility of the condition, is not a simple rule of law which can be applied mechanically to the facts of the case.

*Id.* at 1109 (citing *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 03/04/98); 708 So.2d 362).

Because the plaintiffs did not file an opposition, the only summary judgment evidence in the Record is Mrs. O'Quinn's deposition testimony.[1] In her deposition, Mrs. O'Quinn stated that she pushed "hard" on the bar portion of a door to exit the store, and because the door was locked, she injured her right hand.[2] Mrs. O'Quinn stated that she exited the same door through which she entered, because the other door was blocked by merchandise.[3] Thus, Mrs. O'Quinn maintains that

---

[1] O'Quinn Dep. (April 11, 2008) [doc. 15].

[2] *Id.*

[3] *Id.*

3

one door was blocked by merchandise and the other door was locked, and she injured her hand by pushing on the locked door to exit. Amanda Guillory, the assistant manager working at the time of the alleged accident, testified that they often locked one of the doors about an hour before closing, but that they never placed merchandise in front of the unlocked door.[4]

Even though there is conflicting testimony about whether one door was blocked by merchandise, the issue in this suit is whether the locked door was a ruin, vice or defect that created an unreasonable risk of harm, and therefore there is no issue of material fact for trial. This Court has not found any case law holding that a locked door creates an unreasonable risk of harm. "[T]he trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." This Court finds that a locked door does not present an unreasonable risk of harm. There are innumerable situations that require locked doors: *e.g.*, when a store is closed, the store owner is on a lunch break, or when a store is closed to new patrons but is still serving the patrons who entered prior to closing. The social value and utility of premise owners locking their doors outweighs any potential harm to others and is not an unreasonable risk of harm; accordingly,

IT IS ORDERED that the Motion For Summary Judgment, [doc. 9], filed by the defendants, is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this ___ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Def.'s Ex. A (Amanda Guillory Dep.) [doc. 9-5].